IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY FREDERIC KLINE<br>Petitioner,<br>v.<br>MONTGOMERY COUNTY ADULT PROBATION & PAROLE, et al.<br>Respondents. | CIVIL ACTION NO. 21-2018 |

# ORDER

**AND NOW,** this 10th day of April 2024, upon careful and independent consideration of the Emergency Petition for Writ of Habeas Corpus, and the related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth T. Hey to which no objections were raised, and all of the filings in this case, it is hereby **ORDERED** that:

1. The R&R [Doc. No. 5] is **APPROVED** and **ADOPTED** as set forth herein;[1] and

2. The Petition will be dismissed by separate Order.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[1] On April 30, 2021, Petitioner filed a counseled petition under 28 U.S.C. § 2241 challenging his pre-hearing detention at the Montgomery County Correctional Facility ("MCCF") pursuant to a violation of his probation. Petition [Doc. No. 1]. The violation stemmed from a traffic stop where a quantity of marijuana was discovered in the vehicle. *Id.* ¶ 9. On May 26, 2021, this Court referred the case to Magistrate Judge Hey to prepare a Report and Recommendation ("R&R"). Order [Doc. No. 2]. Respondents then notified the Court that, in the interim, a hearing had been held and Petitioner was found to have violated his probation and was sentenced to 11½ to 23 months' imprisonment followed by five years' probation. Resp. Opp'n at 1 & Ex. A [Doc. No. 4]. As the R&R noted, it appears Petitioner was later paroled from his incarceration sentence. Docket, *Commonwealth v. Kline*, No. CP-46-CR-0008479-2014, at 23 (C.P. Mont. Cnty.). Article III of the Constitution authorizes federal courts to hear cases and controversies. U.S. Const. art. III, § 2, cl. 1. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996). As the R&R correctly stated, the § 2241 petition only challenged Petitioner's confinement prior to his pre-violation hearing. R&R at 3 [Doc. No. 5]; *see also* Petition at 6 [Doc. No. 1] (requesting that the Court "order [Petitioner's] immediate release from [MCCF] pending the contested violation of probation hearing."). The R&R correctly concluded that the petition was rendered moot once Petitioner was convicted at the hearing. R&R at 3–4 [Doc. No. 5].